WELLS H. HURLBUTT, RESPONDENT, v. MAUSOLEUM COMPANY OF AMERICA, INCORPORATED, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

On appeal from the Supreme Court.

For the appellant, *Nicholas S. Schloeder.*

For the respondent, *William F. Burke, G. Frank Shanley* and *John H. Sheridan.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court affirming a judgment of the Second District Court of Jersey City in favor of the plaintiff-respondent. The action was to recover commissions for selling crypts.

The plaintiff-respondent asserting and relying upon an alleged contract in writing, while the defendant-appellant asserted and relief upon a parol contract.

Only two grounds of appeal need be passed upon.

The first is that the trial court erroneously struck out the answer of the witness Thomas Hansberry, assistant general manager of the defendant-appellant, to the question, "What were the terms of Mr. Hurlbutt's employment?"

It is difficult from the state of the case to determine whether or not it was error to strike out the answer to this question. If the examination was for the purpose of varying the terms of the written contract then before the court, the answer was properly stricken out, but if it was for the purpose of negativing the existence of a written contract and to establish a parol contract it was relevant and competent, and should not have been stricken out. It is not necessary for us to pass definitely upon this question, because the second ground of appeal definitely disposes of the matter.

The second ground of appeal to which we have before referred is that the trial court erroneously excluded the evidence of Nicholas S. Schloeder, secretary of the defendant-appellant, that at no time was any contract signed by the plaintiff in the possession of the company or in its files, and that at no time did plaintiff receive commissions under the terms of the alleged written contract.

Such testimony was clearly competent and relevant for the purpose of negativing the existence of the written contract upon which plaintiff was relying, and it was harmful error upon the part of the trial court to refuse to receive it.

The judgment of the Supreme Court and the judgment of the District Court will therefore be set aside and reversed, with costs, and a *venire de novo* awarded.

*For affirmance*—BLACK, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, CAMPBELL, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   11.